# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTHONY S. KIDD,**

        **Plaintiff,**

**v.**

**STATE OF KANSAS,**

        **Defendant.**

Case No. 15-cv-3235-DDC

## MEMORANDUM AND ORDER

On November 30, 2016, the court denied petitioner Anthony S. Kidd's Petition for Writ of Habeas Corpus (Doc. 1) and entered Judgment (Doc. 25). On February 17, 2017, petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). Doc. 26. It alleges that the court erred when it denied his petition for habeas relief under 28 U.S.C. § 2254. Petitioner's Motion alleges several grounds for relief from that judgment. For reasons explained below, the court denies the Motion in part and dismisses it in part.

### I.     Legal Standard

Rule 60(b) permits a district court to relieve a party from a final judgment or order. A court may grant such a motion on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, relief under Rule 60(b) is "extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*,

909 F.2d 1437, 1440 (10th Cir. 1990).  A Rule 60(b) motion is no substitute for a direct appeal and a party may not revisit issues already presented in prior filings.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

When a prisoner who previously has applied for habeas relief files a Rule 60(b) motion seeking relief from that judgment, that motion may be subject to restrictions that apply to second or successive habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).  One such restriction is that petitioners must "obtain authorization" from the appropriate court of appeals before filing a second habeas petition.  *Id.*; *see also* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  If petitioner files such a successive petition without first obtaining authorization from the court of appeals, the district court should dismiss it for lack of jurisdiction.  *Id.*

As a preliminary matter, then, the court must determine whether the petitioner's Rule 60(b) motion is a "true" Rule 60(b) motion or, in reality, a "second or successive habeas petition filed under the auspices of Rule 60(b)."  *Titsworth v. Mullin*, 437 F. App'x 692, 694 (10th Cir. 2011).

Whether the motion is a "true" Rule 60(b) motion depends on its arguments' substance.  If the motion "asserts or reasserts a federal basis for relief from the petitioner's underlying conviction," it is a second or successive habeas petition and the court should treat it as such.  *Titsworth*, 437 F. App'x at 694 (citation omitted).  To put it another way, if the Rule 60(b) motion challenges "the habeas court's previous ruling on the merits of" the claim, it is not a "'true' Rule 60(b) motion but, rather, a second or successive habeas petition" subject to § 2244's

2

requirements. *Id.* In contrast, should the substance of the motion seek relief from judgment under the limited set of circumstances described in Rule 60, there is no reason for treating it like a successive habeas corpus application. *Gonzalez*, 545 U.S. at 528–29. A true Rule 60(b) motion is not subject to § 2244's requirements. *Id.* at 535.

**II.     Analysis**

Petitioner was charged in Kansas state court with first-degree premediated murder, aggravated assault and battery, and criminal discharge of a firearm. These charges followed an evening in May 2007 when petitioner shot and killed Tynus Gulley and injured Keith Johnson. A jury convicted petitioner on all four charges, and petitioner properly raised four grounds for relief in his habeas application. In his first, petitioner claimed prosecutorial misconduct, alleging that the prosecutor deliberately introduced perjured testimony from three witnesses in his state trial. His next three grounds for relief asserted ineffective assistance of counsel claims. Specifically, these claimed that his trial counsel failed to impeach a key witness, pursue a self-defense theory, and retain an expert witness to rebut testimony about how Mr. Gulley was shot. The court denied his petition on all four grounds, finding that Kansas Supreme Court did not misapply clearly established federal law or render a decision based an unreasonable determination of the facts in light of the evidence presented at trial. *See* Doc. 24 at 11–15; *see also* 28 U.S.C. § 2254(d)(1)–(2) (setting the standard for habeas relief).

As part of its Memorandum and Order, the court also determined that petitioner had failed to exhaust certain ineffective assistance of counsel claims. Specifically, the court concluded that he had failed to exhaust claims that his counsel failed to impeach Mr. Johnson, Mr. Miller, and Mr. Labroi. Doc. 24 at 11. The court concluded that a procedural default barred

those claims, and so the court did not consider these claims as part of his petition for habeas relief.

Petitioner's current Motion is difficult to understand. Petitioner seems to believe that he is entitled to relief from judgment for five reasons. First, petitioner contends the court erred when it determined that his some of his ineffective assistance of counsel claims were barred by procedural default. Doc. 26 at 1. And, he contends that if the court had considered those claims, it would have determined that the Kansas Supreme Court misapplied clearly established federal law. *Id.* Second, petitioner asserts that his counsel was ineffective for failing to impeach perjured witnesses, failing to secure expert testimony, and failing to advance a self-defense theory. Doc. 26 at 2, 5. Third, petitioner contends that the prosecutor committed misconduct when he introduced perjured testimony from Ms. Gulley, Mr. Johnson, Mr. Miller, and Mr. Labroi. Doc. 26 at 3. This misconduct, petitioner asserts, means his conviction was based on fraud. Doc. 26 at 3. Fourth, petitioner contends that the evidence presented at trial was insufficient to convict him beyond a reasonable doubt. Doc. 26 at 4. And last, petitioner claims that the adjudications of his claims were based on an unreasonable determination of the facts in light of the evidence at trial. Doc. 26 at 5.

### A. Petitioner's Ineffective Assistance of Counsel, Prosecutorial Misconduct, and Sufficiency of the Evidence Claims (Claims 2–5)

Petitioner's second, third, fourth and fifth claims for relief reassert claims presented by his habeas petition. *See* Doc. 1 at 5, 6, 8, 9; *see also* Doc. 24 at 11–12, 12–15 (discussing and denying petitioner's prosecutorial misconduct and ineffective assistance of counsel claims because they did not meet the standards for habeas relief). Petitioner's Rule 60(b) Motion thus is not a true Rule 60(b) Motion on these claims, and instead is a successive habeas petition subject to § 2244's requirements. Before filing such a second or successive habeas petition on these

claims, petitioner was required to obtain authorization from the Tenth Circuit. Because petitioner failed to do so, the court is without jurisdiction to decide his claims.

Indeed, petitioner's Motion uses language from Rule 60(b) to advance these claims for relief. *See* Doc. 26 at 3 (asserting that the court's ruling "was unreasonably wrong or" fraudulent to "claim that petitioner was guilty beyond a reasonable doubt."); *see also* Fed. R. Civ. P. 60(b)(3) (explaining that "fraud," misrepresentation, or misconduct by the opposing party is a ground for relief under the rule). But petitioner asserted these claims in his first habeas petition. *See* Doc. 1 at 5, 6, 8, 9. And the Supreme Court has stated clearly that petitioners may not use "the language of a true Rule 60(b) motion" to circumvent the AEDPA's requirements. *Gonzalez*, 545 U.S. at 532. As a successive habeas application without prior authorization from the Tenth Circuit, the court lacks jurisdiction to decide it.

And, even if the court could consider petitioner's claims under Rule 60(b), petitioner demonstrates no grounds for relief under that rule. "[R]evisiting the issues already addressed 'is not the purpose of a motion to reconsider.'" *Van Skiver*, 952 F.2d at 1243. Petitioner's Motion reasserts the same issues the court addressed in its Memorandum and Order denying his habeas application. While petitioner uses Rule 60(b)'s language to advance his claims, he has not asserted grounds for relief from judgment under Rule 60(b). In sum, to the extent petitioner's Motion qualifies as a true Rule 60(b) Motion, the court denies it. And, to the extent petitioner's Motion is a successive habeas petition, the court lacks jurisdiction to hear it.

### B. Petitioner's Procedural Default Claim

In his first claim for relief, petitioner asserts that he should be relieved from the order denying his writ of habeas corpus because "attorney negligence . . . caused [his] default." Doc. 26 at 1. The court understands this argument to assert that the court "interfered" by ruling that

5

petitioner had failed to exhaust his ineffective assistance of counsel claims about impeaching Mr. Johnson, Mr. Miller, and Mr. Labroi. Doc. 26 at 1. Petitioner claims that in his Kan. Stat. Ann. § 60-1507 appeal, he did not use specific names of the witnesses because he was trying to be brief and use a more general term—"witnesses." *Id.* The court understands petitioner to assert that he intended to raise the ineffective assistance of counsel claims on appeal for Mr. Johnson, Mr. Miller, Mr. Labroi, and Ms. Gulley, but that the Kansas Court of Appeals misunderstood his argument. *Id.* Petitioner claims that the court did not allow him or counsel the "space and opportunity to fix the misunderstanding." *Id.* And, he claims that if each of his claims about ineffective assistance of counsel had been raised, the court would see that the Kansas Supreme Court's adjudication was contrary to clearly established federal law and entitle him to habeas relief. *Id.*

"[M]istake" is one reason the court may relieve a party from a final judgment under Rule 60(b). So, petitioner's claim that the court made a mistake when it barred his ineffective assistance of counsel claims for failure to exhaust presents a proper claim under Rule 60(b) and is not subject to the AEDPA's limiting requirements. The court thus considers petitioners claims under the Rule 60(b) standards.

> [T]he "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order.

*Mardanlou v. Gen. Motors Corp.*, 69 F. App'x 950, 951 (10th Cir. 2003) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)). The "kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Whether to grant a Rule

60(b) Motion "rests within the trial court's discretion." *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *1 (D. Kan. Oct. 6, 2011) (citing *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007)).

The court did not make a mistake by ruling that a procedural default barred petitioner's ineffective assistance of counsel claims based on a failure to impeach Mr. Johnson, Mr. Miller, and Mr. Labroi. Even if the Kansas Court of Appeals misunderstood petitioner's argument and our court erred by barring some of his habeas claims, the court has examined the record and finds no reason to disturb the judgment. The court considered whether cause, prejudice, or a fundamental miscarriage of justice would result if it barred petitioner's claims, and it concluded that it would not. Doc. 24 at 9–11. Petitioner's additional submissions do not alter the court's decision.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Anthony Kidd's Motion for Relief from Judgment (Doc. 26) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2017 at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree_____**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**