IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY S. KIDD,**

        Petitioner,

v.

**STATE OF KANSAS,**

        Respondent.

Case No.  15-3235-DDC

### MEMORANDUM AND ORDER

On November 30, 2016, the court denied petitioner Anthony S. Kidd's Petition for Writ of Habeas Corpus (Doc. 1) and entered Judgment (Doc. 25). On February 17, 2017, petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b) (Doc. 26). The court denied this motion on July 24, 2017 (Doc. 27). On August 1, 2017, petitioner filed a Motion for Reconsideration and Notice of Appeal. The court denied the Motion for Reconsideration because petitioner's Notice of Appeal divested the court of jurisdiction. Doc. 34. On August 9, petitioner voluntarily dismissed his appeal and the Tenth Circuit issued the mandate that same day. *See* Docs. 36, 39. On August 18, petitioner filed his second Motion for Relief from Judgment. For the reasons explained below, the court denies the Motion, too.

**I.    Legal Standard**

Rule 60(b) permits a district court to relieve a party from a final judgment or order. A court may grant such a motion on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has

been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). But relief under Rule 60(b) is "'extraordinary and may only be granted in exceptional circumstances.'" *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Commc'ns, Inc. v. Bowers*, 643 F.3d 735, 754 (10th Cir. 2011)). A Rule 60(b) motion is no substitute for a direct appeal, and a party may not revisit issues already presented in prior filings. *Id.*

## II. Discussion

Petitioner makes four arguments to support his contention that the court should reconsider his habeas petition. First, he argues, the court should have reconsidered its judgment because the prosecution in his original criminal case fraudulently secured his conviction. Second, he argues that the court should not have considered his first Rule 60(b) Motion as a successive petition. Third, he argues that even if his first Rule 60(b) was a successive petition, the court should have considered it because he can show prejudice. And last, he contends that he was not required to exhaust his claims before the state court. The court addresses these arguments below.[1]

### A. Allegations of Fraud

Petitioner first argues that the court should have reconsidered its original judgment because the prosecution in his original case used perjured witnesses, which, according to petitioner, amounts to fraud. While this contention argues that respondent committed fraud in

---

[1] In his Motion, petitioner also argues that the court can reassert jurisdiction over this matter by certifying that his appeal was frivolous and proceeding with trial. While the Tenth Circuit already has returned jurisdiction to the court, the court nonetheless explains that this procedure was not available to petitioner while the Tenth Circuit had jurisdiction over the case. To support his argument that the court should use this procedure, petitioner cites cases that all involve instances where a defendant filed an interlocutory appeal—meaning an appeal that a litigant takes before the court enters final judgment. *See, e.g.*, *Apostol v. Gallion*, 870 F.2d 1335, 1337 (7th Cir. 1989). But here, the court had entered final judgment before he took his appeal. *See* Doc. 25. The court thus could not certify that the appeal was frivolous and proceed with trial because there was no reason for the court to conduct a trial.

2

the original criminal proceeding, it is not an argument that respondent committed fraud in *this* proceeding. A court can set aside its judgment if a party procured *that* judgment by fraud on the court. *Shaw v. AAA Eng'g & Drafting Inc.*, 138 F. App'x 62, 72 (10th Cir. 2005). Petitioner never identifies any evidence that respondent procured this court's judgment by fraud. As for petitioner's argument that the prosecution procured his original conviction by fraud, the court already has considered and decided that issue. *See* Doc. 24 at 11–12; *see also Lebahn*, 813 F.3d at 1306 ("Rule 60(b) relief is not properly granted where a party merely revisits the original issues . . . ."). The court thus refuses to grant petitioner relief from its judgment because of fraud.

> **B.** **Successive Petition**

Petitioner argues that the court erred when it determined that his first 60(b) Motion was a successive petition for habeas corpus. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner for habeas relief cannot file a second or successive petition unless he receives authorization to do so from the appropriate court of appeals. *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). If petitioner files such a successive petition without first obtaining authorization from the court of appeals, the district court should dismiss the petition because it lacks jurisdiction to consider it. *Gonzalez*, 545 U.S. at 531.

When a prisoner who previously has applied for habeas relief files a Rule 60(b) motion seeking relief from that judgment, that motion may be subject to the restrictions that apply to second or successive habeas corpus petitions. *Id.* Such a motion is subject to these restrictions

when it attacks the merits of the court's original judgment. *Id.* at 532. On the other hand, a true Rule 60(b) motion attacks a "defect in the integrity of the federal habeas proceedings." *Id.*

Petitioner argues that the AEDPA's restrictions never apply to Rule 60(b) motions. He cites *Hamilton v. Newland*, 374 F.3d 822 (9th Cir. 2004), for support. In *Hamilton*, a habeas petitioner invoked Rule 60(b) to seek relief from the district court's decision denying his habeas petition. *Id.* at 823. The district court originally denied his petition because the petitioner had filed the petition outside of the AEDPA's one-year statute of limitations. *Id.* at 824. So, it declined to reach the merits of petitioner's claim. *Id.* Without asking the Ninth Circuit for approval, petitioner filed a Rule 60(b) motion, raising the same constitutional claims the district court never addressed and claiming that his "actual innocence" constituted an extraordinary circumstance allowing petitioner to avoid the statute of limitations defense. *Id.* The district court construed this motion as a successive petition and denied it for lack of jurisdiction. *Id.* at 823.

On appeal, the Ninth Circuit held that petitioner's 60(b) motion was not a successive petition. *Id.* at 824. The Circuit explained that petitioner "asserted a claim of actual innocence only as a procedural device to avoid the statute of limitations [defense] and get the district court to reach the merits of the same constitutional claims he had raised in the original petition." *Id.* *Hamilton* contrasted its ruling with cases where petitioners asserted new constitutional grounds for relief or reasserted the same constitutional arguments in their Rule 60(b) motions. *Id.* Those Rule 60(b) motions, the Ninth Circuit explained, were successive habeas petitions subject to the AEDPA's restrictions. *Id.* Thus, contrary to petitioner's contention, some Rule 60(b) motions are successive habeas petitions and thus subject to the AEDPA's restrictions. *Id.*

Here, in his first Rule 60(b) Motion, petitioner raised four arguments that he asserted in his original petition. *See* Doc. 27 at 4. He asserted that the court should relieve him from judgment because (1) his counsel was ineffective, (2) the prosecution committed misconduct during his trial, (3) there was insufficient evidence to convict him, and (4) the jury made an unreasonable determination of the facts in light of the trial evidence. *Id.* These arguments were not a procedural device to get the court to consider the merits of his claim—they *were* his arguments on the merits of his claim that his conviction was unconstitutional. *See* Doc. 24 at 11–15 (denying the petition based on petitioner's claim of ineffective counsel, prosecutorial misconduct, insufficient evidence, and the jury's unreasonable determination of the facts). His first Rule 60(b) Motion thus was a successive petition on those four claims.

But the court reconsidered its ruling that petitioner had failed to exhaust his ineffective assistance of counsel claim because petitioner argued the court made a mistake. *See* Doc. 27 at 6. The court could consider this argument because such an argument attacks "a defect in the integrity of the federal habeas proceedings." *Gonzales*, 545 U.S. at 532. When it reconsidered its decision, the court concluded that it had not made a mistake. Doc. 27 at 7. The court thus finds *Hamilton* provides no aid to petitioner here.

### C.  Prejudice

Petitioner's next argument contends that the court should have addressed petitioner's arguments in his first Rule 60(b) Motion because he can show prejudice. A court can consider a successive habeas claim without approval from the court of appeals if petitioner can show good cause for failing to raise or develop his claim fully *and* prejudice arising from such failure. *Stanko v. Davis*, 617 F.3d 1262, 1271 (10th Cir. 2010); *see also Washington v. Delo*, 51 F.3d 756, 760 (8th Cir. 1995). Here, the court need not decide whether petitioner was prejudiced

because petitioner never shows any good reason for failing to develop his claims fully in his initial Petition. A petitioner can show good cause for failing to develop a claim fully when he shows some external force prevented him from raising the claim. *McCleskey*, 499 U.S. at 497.

Petitioner's motion identifies no external force preventing him from raising any claim he addressed in his first Rule 60(b) Motion. In fact, as discussed above, his claims in first Rule 60(b) Motion mirror those that he asserted in his original Petition. To the extent petitioner argues that the prosecution's alleged use of witnesses who committed perjury is an external force, petitioner has not shown any external force preventing him from fully developing this claim in his habeas petition. *See McCleskey*, 499 U.S. at 497 (holding that a petitioner failed to show good cause for failing to raise an argument in a prior habeas proceeding when he knew certain facts before he filed his first habeas petition that put him on notice to pursue his argument).

### D.     Exhaustion

Last, Petitioner argues that the court cannot deny a habeas petition because he failed to raise certain arguments when he appealed his original conviction in state court. He cites *Kaufman v. United States*, 394 U.S. 217 (1969), for support. In *Kaufman*, the Supreme Court said that a federal court cannot deny habeas relief to a state prisoner solely because the petitioner failed to raise the constitutional issues in his petition in his state court appeal. *Id.* at 223. But the Supreme Court since has rejected that proposition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). Here, petitioner did not give the Kansas Court of Appeals or the Kansas Supreme

Court the opportunity to address his ineffective assistance of counsel claims because he failed to raise them before the state trial court, both courts refused to decide the issue. Doc. 24 at 9. The court thus cannot consider any argument that he did not present to the Kansas courts.

### III. Conclusion

For the reasons explained above, the court denies petitioner's Motion for Relief from Judgment (Doc. 38).

**IT IS THEREFORE ORDERED BY THE COURT THAT** petitioner's Motion for Relief from Judgment (Doc. 38) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of January, 2018, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**